## Case No. 3,582.

### DARST et al. v. ROTH.

[4 Wash. C. C. 471.][1]

Circuit Court, E. D. Pennsylvania. Oct. Term, 1824.

ACTION OF COVENANT—VARIANCE—PARTNERSHIP COVENANT.

1. Covenant by A, B and C. The declaration states, that they by the name and description of A. D. & Co. and the defendant, entered into an agreement under their respective hands and seals, whereby they agreed to sell to the defendant certain lands, &c. The agreement offered in evidence, has the signature and seal of A. D. & Co. and that of the defendant.

2. The execution of the assignment by one of the partners, with the consent of the others, either expressly given at the time, or recognized and agreed to by them afterwards, makes it the deed of all though there be but one signature; and the instrument is properly admissible in evidence, proof of the consent of the other parties in the form stated being given.

The declaration is in the name of Henry Darst and two others of the same surname, and sets forth, that "they, by the name and description of Henry Darst & Co. and the defendant, entered into an agreement under their respective hands and seals," whereof profert is made, whereby they agreed to sell to the defendant certain lands in the state of Ohio, for which the defendant was to pay a certain sum of money, for the breach of which contract this suit is brought. Pleas, covenants performed, and non est factum. Wheeler, for the plaintiffs, offered the instrument declared on in evidence, with proof of its execution. This was objected to by Sergeant, for the defendant, because the instrument has only the signature and seal of Henry Darst & Co. and of the defendant. He contended that this is the deed of Henry Darst only, and that it is not the deed declared on, the declaration stating that it is under the respective hands and seals of the three plaintiffs and the defendant. The evidence, he contended, was improper, on the plea of non est factum. To this it was answered, that the execution of the deed by one of the plaintiffs, by the direction, or with the assent and concurrence of the others, though evidenced by their subsequent ratification, made it the deed of each of the plaintiffs, and that their assent was to be proved by the evidence which the plaintiffs yet had to offer. He cited Co. Litt. 35, 230b; Pink. Conv. 130; W. Jones, 268; 4 Durn. & E. [Term R.] 313; 9 Johns. 285; 19 Johns. 513.

Mr. Wheeler, for plaintiffs.
John Sergeant, for defendant.

WASHINGTON, Circuit Justice. The plea of non est factum has nothing to do with this question, which respects the instrument offered in evidence as the deed of the plaintiffs, whereas this plea merely denies it to be the deed of the defendant. The real question is, whether the deed offered in evidence is the same as the one which is declared upon? Now the cases, which have been read, abundantly prove that the execution by Henry Darst, one of the partners and owners of the land, with the consent of the other two, made it their deed; and although there be but one seal, yet that is, in point of law, the seal of each of them. But it is contended that the declaration avers that each of them sealed the deed, whereas in point of fact, two of them did not seal it, but only assented to the sealing, by the one who did affix the seal. But if the declaration would bear the construction given to it by the defendant's counsel, still I do not see that it would not be a legal truism, that the deed was sealed by those other two, upon the principle laid down in the cases cited at the bar. What a man does by his constituted agent, is done by himself, and he may so aver it. But the declaration is misconstrued by the counsel. The expressions are, that the plaintiffs, by the name and description of Henry Darst & Co., and the defendant, respectively signed and sealed the instrument; that is, H. Darst & Co. and the defendant, not the three plaintiffs and the defendant; and the fact corresponds strictly with the allegation. Proof of the assent and concurrence of the other two being given, if their joining in this suit be not itself sufficient for the purpose, the agreement is good evidence to go to the jury.

The concurrence of the other two having been proved, as well as the compliance of the plaintiffs with the contract on their parts, THE COURT directed a verdict to be found for the plaintiffs for the balance of the purchase money due. Verdict accordingly.

[1] [Originally published from the MSS. of Hon. Bushrod Washington. Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]